**FILED**

MAY 3 1 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

*In the United States District Court*
*for the Northern District of Illinois*
*Eastern Division*

Kathleen Ryl-Kuchar,

    Plaintiff,

— v —

Care Centers, Inc., an Illinois corporation,
individually and as Plan Administrator of the
Care Centers Employees' Health Insurance Plan,

    Defendant.

JUDGE HOLDERMAN

**05C 3223**

MAGISTRATE JUDGE ASHMAN

**Jury trial demanded**

## Complaint

Plaintiff Kathleen Ryl-Kuchar complains of defendant as follows:

### Nature of action

1.      Plaintiff Kathleen Ryl-Kuchar, a former employee of defendant Care

Centers, Inc., sues to redress the legal and equitable wrongs she suffered when

defendant retaliated against her in violation of the Family and Medical Leave Act

of 1993 [29 U.S.C. §§2601 et seq., commonly referred to as the "FMLA"], failed to

afford her and her family the right to continuation of their medical insurance

coverage under the Consolidated Omnibus Budget Reconciliation Act of 1986 as

amended [29 U.S.C. §§1161 et seq., commonly referred to as "COBRA"] and the

Employee Retirement Income Security Act of 1974 as amended [29 U.S.C. §§1001

et seq., commonly referred to as "ERISA"], failed to pay her overtime in violation

of the Fair Labor Standards Act of 1938 as amended [29 U.S.C. § 201 et seq.,

commonly referred to as the "FLSA"] and the Illinois Minimum Wage Law as

amended [820 ILCS 105/1 et seq.], and intentionally inflicted emotional distress upon her.

## Parties

2.          Plaintiff is Kathleen Ryl-Kuchar ["Ms. Ryl-Kuchar"].

3.          Defendant is Care Centers, Inc., an Illinois corporation ["defendant"].

4.          Defendant is also the Plan Administrator of the Care Centers Employees' Health Insurance Plan, the exact name of which plaintiff does not know. At all times relevant to this action, the Care Centers Employees' Health Insurance Plan was an employee welfare benefit plan as that term is defined by ERISA §3(1) [29 U.S.C. §1002(1)]. The allegations of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

## Ms. Ryl-Kuchar's employment with defendant

5.          Ms. Ryl-Kuchar was hired by defendant in 1985 as a dietary aide.

6.          Defendant subsequently promoted Ms. Ryl-Kuchar to dietary consultant. This promotion entailed increased pay and increased responsibility.

7.          Throughout Ms. Ryl-Kuchar's employment with defendant, she received compliments on her work from her supervisors, her fellow employees, and her clients and generally met and/or exceeded defendant's legitimate job-performance expectations.

## Ms. Ryl-Kuchar is pregnant with triplets and takes FMLA maternity leave

8.  In December 2002, Ms. Ryl-Kuchar discovered that she was pregnant with triplets, with an estimated due-date of August 25, 2003.

9.  Ms. Ryl-Kuchar informed defendant of her pregnancy, her estimated due-date, and her likely need for pregnancy and/or maternity leave.

10.  In approximately mid-April 2003, defendant sent Ms. Ryl-Kuchar's doctor (Dr. Leonard Feinkind) Family and Medical Leave forms to fill out.

11.  Dr. Feinkind filled out defendant's Family and Medical Leave forms.

12.  In approximately late-April 2003, defendant received back its Family and Medical Leave forms, filled out by Dr. Feinkind.

13.  Through May 2003, Ms. Ryl-Kuchar continued to work and to commute to work as normal.

14.  Beginning in June 2003, Ms. Ryl-Kuchar found commuting to work too difficult, so, with defendant's permission, she worked from her home.

15.  On July 16, 2003, Ms. Ryl-Kuchar gave birth to triplets.

16.  Following the birth of her triplets, Ms. Ryl-Kuchar attempted to continue to work from home, but was unable to do so, and went on full-time maternity leave in August 2003.

17.  Defendant paid Ms. Ryl-Kuchar through July 2003.

18.  In late September 2003, Ms. Ryl-Kuchar contacted defendant about returning to work part-time, but never heard back from defendant about this.

19.  On October 1, 2003, Ms. Ryl-Kuchar sent defendant her resignation.

## Ms. Ryl-Kuchar is retaliated against

20.     Defendant self-insures, at least in part, the Care Centers Employees' Health Insurance Plan. The allegations of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

21.     Approximately ten days after receiving Ms. Ryl-Kuchar's October 1, 2003, resignation, defendant cancelled her and her family's health insurance, retroactive to June 2003.

22.     This retroactive cancellation of Ms. Ryl-Kuchar's and her family's health insurance left Ms. Ryl-Kuchar and her family with almost $100,000 in medical bills from Ms. Ryl-Kuchar's pregnancy with triplets, from the birth of the triplets, and from the medical care required by Ms. Ryl-Kuchar and the triplets.

23.     Under COBRA [29 U.S.C. §§1161 et seq.], defendant, in its capacity of Plan Administrator of the Care Centers Employees' Health Insurance Plan, was obligated to provide Ms. Ryl-Kuchar and her family, within the time set forth by that statute, notice of their rights to continuation coverage under that statute. See, 29 U.S.C. §1166.

24.     Notwithstanding these duties imposed by COBRA, defendant failed to give Ms. Ryl-Kuchar and her family the required COBRA notice.

## Fulfillment of conditions precedent to the bringing of this action

25.     Plaintiff has served by certified mail copies of this Complaint on the Secretary of Treasury and the Secretary of Labor, in accordance with 29 U.S.C. §1132(h).

-4-

26.     Plaintiffs have fulfilled all conditions precedent to the bringing of this action.

## Jurisdiction and Venue

27.     This Court has jurisdiction under §107(a)(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(4)(A)], under §502(e)(1) of the Employee Retirement Income Security Act of 1974 [29 U.S.C. §1132(e)(1)], under §16(b) of the Fair Labor Standards Act of 1938 [29 U.S.C. §216(b)], and under §1331 of the Judicial Code [28 U.S.C. §1331] and has supplemental jurisdiction under §1367 of the Judicial Code [28 U.S.C. §1367].

28.     This cause of action arose in the Northern District of Illinois. Venue is proper by §1391(b) of the Judicial Code [28 U.S.C. §1391(b)] and by ERISA §502(e)(2) [29 U.S.C. § 1132(e)(2)].

## Count I – FMLA Retaliation

29.     Ms. Ryl-Kuchar realleges paragraphs 1 through 28 of this Complaint.

30.     From December 2002 through October 2003, among other times, defendant was an "employer" as defined in §101(4)(A) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(4)(A)].

31.     From December 2002 through October 1, 2003, among other times, Ms. Ryl-Kuchar was an "eligible employee" as defined in §101(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(2)].

32.     Defendant, by cancelling the health insurance of Ms. Ryl-Kuchar and her family retroactive to June 2003 and/or by failing to give her and her family COBRA notice, retaliated against and/or discriminated against Ms. Ryl-Kuchar

-5-

for her exercise of her rights under the Family and Medical Leave Act of 1993 and/or interfered with Ms. Ryl-Kuchar's exercise of those rights, all in violation of the anti-interference and anti-discrimination provisions of §105(a) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2615(a)], of the Department of Labor's anti-retaliation and anti-discrimination regulation [29 C.F.R. §825.220], and/or of an implied federal right to be free from retaliation for exercising rights under the Family and Medical Leave Act.

33.        As a proximate result of the foregoing facts, Ms. Ryl-Kuchar lost medical coverage and incurred unreimbursed medical expenses.

**Wherefore**, Plaintiff Kathleen Ryl-Kuchar prays for:

a.        Employment benefits and other compensation lost to her as a result of defendant's violations of the Family and Medical Leave Act of 1993;

b.        Prejudgment interest at the prevailing rate from the date she was retaliated against to the date of judgment on the award of employment benefits and other compensation lost to her as a result of defendant's violations of the Family and Medical Leave Act of 1993;

c.        Liquidated damages doubling the award of interest, lost employment benefits, and other compensation lost to her as a result of defendant's violations of the Family and Medical Leave Act of 1993;

d.        Reasonable attorney's fees and the costs and expenses of this action; and

e.        Such other relief as this Court deems just and appropriate.

## Count II – COBRA violation

34.     Ms. Ryl-Kuchar realleges paragraphs 1 through 28 of this Complaint.

35.     As a result of Ms. Ryl-Kuchar's employment by defendant, she, her

husband, and her children upon their birth were participants in and/or qualified

beneficiaries of [as defined by COBRA, 29 U.S.C. §§1167(2) & (3)(B)] the Care

Centers Employees' Health Insurance Plan.

36.     Defendant is liable to pay the medical bills Ms. Ryl-Kuchar and her family

incurred due to defendant's retroactive cancellation of Ms. Ryl-Kuchar's and her

family's medical insurance and/or due to defendant's failure to provide

Ms. Ryl-Kuchar and her family with COBRA notice.

37.     Defendant is liable to Ms. Ryl-Kuchar under ERISA §502(c)(1) [29 U.S.C.

§1132(c)(1)] and 29 C.F.R. 2575.502c-1 for up to $110 per day from the date that

it should have provided COBRA notice to her to the date of judgment or the date,

if any, that it provides her with COBRA notice.

38.     Defendant is liable to Mr. Ryl-Kuchar under ERISA §§502(c)(1) & (g)(1)

[29 U.S.C. §§1132(c)(1) & (g)(1)] for reasonable attorneys' fees and costs.

***Wherefore***, Plaintiff Kathleen Ryl-Kuchar prays for judgment in her favor and against

defendant:

a.      for a daily amount calculated pursuant to ERISA § 502(c)(1) [29

U.S.C. § 1132(c)(1)] and 29 C.F.R. 2575.502c-1 from the date defendant

should have provided COBRA notice to her to the date of judgment or, in

the alternative, to the date, if any, that defendant provides her with

COBRA notice;

-7-

b.       for payment by defendant of medical bills in accordance with the benefits provisions of the Care Centers Employees' Health Insurance Plan;

c.       for restoration to covered status under the Care Centers Employees' Health Insurance Plan for the remainder of the applicable COBRA continuation period(s) including the right to purchase individual and/or family conversion coverage at the end of the applicable COBRA continuation period(s);

d.       for the reasonable attorneys' fees and costs of this action;

e.       for such other equitable relief as this Court deems just and appropriate.

## Count III – FLSA overtime claim

39.     Ms. Ryl-Kuchar realleges paragraphs 1 through 28 of this Complaint.

40.     Ms. Ryl-Kuchar, at all times for which this Complaint seeks unpaid overtime, was an "employee" of defendant's within the definition of §3(e) of the FLSA [29 U.S.C. §203(e)].

41.     Defendant, at all times for which this Complaint seeks unpaid overtime, was an "employer" within the definition of §3(d) of the FLSA [29 U.S.C. §203(d)] and was also at those times an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of §3(s)(1) of the FLSA [29 U.S.C. §203(s)(1)]. The allegations of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

42.     From time-to-time, Ms. Ryl-Kuchar worked for the defendant more than forty hours in a workweek of seven consecutive days.

43.     In the alternative, from time-to-time Ms. Ryl-Kuchar worked for the defendant more than eight hours in a workday and more than eighty hours in a work period of fourteen consecutive days.

44.     Defendant failed to pay Ms. Ryl-Kuchar 1½ times her regular rate of pay for all hours worked in excess of forty hours in a workweek of seven consecutive days or, in the alternative, failed to pay Ms. Ryl-Kuchar 1½ times her regular rate of pay for all hours worked in excess of eight hours in a workday and more than eighty hours in a work period of fourteen consecutive days.

45.     Defendant was aware that the FLSA applied to it or showed reckless disregard whether or not the FLSA applied to it. The allegations of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

46.     Defendant willfully violated the FLSA. The allegations of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

47.     Ms. Ryl-Kuchar's consent to be a plaintiff in this FLSA lawsuit, as required by §16(b) of the FLSA [29 U.S.C. §216(b)], is attached to this Complaint as Exhibit A.

*Wherefore*, Plaintiff Kathleen Ryl-Kuchar prays that this Court:

a.     Order the defendant to produce all records of all hours worked by her and of all compensation received by her for the three years immediately preceding the filing of this lawsuit;

b.     Enter judgment in her favor and against the defendant for the amount shown to be due that her for the defendant's failure to pay her overtime;

c.     Enter judgment in her favor and against the defendant for liquidated damages in an amount equal to the amount shown to be due her for the defendant's failure to pay her overtime;

d.     Enter judgment against the defendant for her reasonable attorneys' fees, expenses, and costs of this action; and

e.     Award her such other relief as this Court deems just and appropriate.

## Count IV – Illinois overtime claim

48.     Ms. Ryl-Kuchar realleges paragraphs 1 through 28 of this Complaint.

49.     Ms. Ryl-Kuchar, at all times for which this Complaint seeks unpaid overtime, was an "employee" of defendant's within the definition of §3(d) of the Illinois Minimum Wage Law [820 ILCS 105/3(d)].

50.     Defendant, at all times for which this Complaint seeks unpaid overtime, was an "employer" within the definition of §3(c) of the Illinois Minimum Wage Law [820 ILCS 105/3(c)].

51.     From time-to-time, Ms. Ryl-Kuchar worked for the defendant more than forty hours in a workweek.

-10-

52.      Defendant failed to pay Ms. Ryl-Kuchar 1½ times her regular rate of pay for all hours worked in excess of forty hours in a workweek.

***Wherefore***, Plaintiff Kathleen Ryl-Kuchar prays that this Court:

a.      Order the defendant to produce all records of all hours worked by her and of all compensation received by her for the three years immediately preceding the filing of this lawsuit;

b.      Enter judgment in her favor and against the defendant for the amount shown to be due that her for the defendant's failure to pay her overtime;

c.      Enter judgment in her favor and against the defendant for punitive damages in the amount provided for by §12(a) of the Illinois Minimum Wage Law [820 ILCS ¶105/12(a)];

d.      Enter judgment against the defendant for her reasonable attorneys' fees, expenses, and costs of this action; and

e.      Award her such other relief as this Court deems just and appropriate.

## Count V – Intentional Infliction of Emotional Distress

53.      Ms. Ryl-Kuchar realleges paragraphs 1 through 28 of this Complaint.

54.      Defendant acted in an extreme and outrageous manner in retroactively cancelling Ms. Ryl-Kuchar's and her family's health insurance, thus leaving Ms. Ryl-Kuchar and her family with nearly $100,000 in bills from her pregnancy with triplets, from the birth of the triplets, and from the medical care required by

her and the triplets and/or in failing to provide Ms. Ryl-Kuchar and her family with COBRA notice in order to obtain continuation coverage for those bills.

55.     Defendant knew or should have known that there was a high probability that it would inflict severe emotional distress on Ms. Ryl-Kuchar by retroactively cancelling Ms. Ryl-Kuchar's and her family's health insurance, thus leaving Ms. Ryl-Kuchar and her family with nearly $100,000 in bills from her pregnancy with triplets, from the birth of the triplets, and from the medical care required by her and the triplets and/or in failing to provide Ms. Ryl-Kuchar and her family with COBRA notice in order to obtain continuation coverage for those bills.

56.     As a proximate result of defendant's retroactively cancelling Ms. Ryl-Kuchar's and her family's health insurance, thus leaving Ms. Ryl-Kuchar and her family with nearly $100,000 in bills from her pregnancy with triplets, from the birth of the triplets, and from the medical care required by her and the triplets and/or in failing to provide Ms. Ryl-Kuchar and her family with COBRA notice in order to obtain continuation coverage for those bills, Ms. Ryl-Kuchar suffered severe emotional distress.

57.     To punish defendant for this intentional infliction of emotional distress and to deter future intentional inflictions of emotional distress by defendant and other employers, exemplary damages should be awarded.

**Wherefore**, Plaintiff Kathleen Ryl-Kuchar prays for:

a.     Compensatory damages;

b.     Exemplary damages;

c.     Costs and expenses of this action; and

-12-

d.    Such other and further relief as this Court deems just and appropriate.

Kathleen Ryl-Kuchar
Plaintiff,

By:                  *David L. Lee*

Her attorney

David L. Lee
LAW OFFICES OF DAVID L. LEE
53 W. Jackson Blvd.
Suite 660
Chicago, IL 60604
312-347-4400

## Consent to be Plaintiff in Fair Labor Standards Act Lawsuit

1.      I understand that this lawsuit is being brought under the Fair Labor Standards Act and other laws. I hereby consent to be a plaintiff in this lawsuit. I understand that in signing and filing this Consent, I will be bound by any settlement of or judgment in this lawsuit.

2.      I hereby appoint David L. Lee as my attorney for the lawsuit in which those Fair Labor Standards Act claims are being brought.

3.      I hereby further authorize David L. Lee to attach to the Fair Labor Standards Act Complaint this Consent, to file this Consent as part of that Complaint, and/or to file this Consent in court.

_____
Kathleen Ryl-Kuchar

_____
5/31/05
Date

**Exhibit A**

812-347-3272