## In the United States District Court
## for the Northern District of Illinois
## Eastern Division

| | |
|---|---|
| Kathleen Ryl-Kuchar, | **#05 C 3223** |
| Plaintiff, | Judge Holderman |
| – v – | Magistrate Judge Brown |
| Care Centers, Inc., an Illinois corporation, | **Jury trial demanded** |
| Defendant. | |

### Plaintiff's Motion for Entry of Judgment Including Interest, Liquidated Damages, Attorneys' Fees, and Costs

Plaintiff Kathleen Ryl-Kuchar moves pursuant to the Order of May 2, 2008, (doc. #257) for entry of Judgment including interest, liquidated damages, attorney's fees, and costs. Specifically, plaintiff requests judgment be entered in the amount of $85,453.34 (consisting of the jury verdict of $31,621.08, interest of $11,105.59, and liquidated damages of $42,726.67) plus attorneys' fees as determined by Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.3 and costs as determined by 54(d)(1) and Local Rule 54.1. In support of this Motion, plaintiff states as follows:

1. This is a case under the Family and Medical Leave Act of 1993 [29 U.S.C. §§2601 et seq.], in which the jury returned a verdict for plaintiff in the amount of $31,621.08. See, Order of May 2, 2008 (doc. #257).

2. Pursuant to Your Honor's direction, counsel for the plaintiff offered counsel for the defendant a stipulation as to the calculation of interest. See, id. The proposed stipulation provided that defendant's agreement to the interest calculation would not waive any issues for post-trial motions or appeal. Counsel for the defendant declined to enter into such a stipulation. See, proposed

Stipulation and e-mail and fax correspondence between D. Lee and C. Stein, attached hereto as Exhibit A.

3. The Family and Medical Leave Act provides for the following relief:

"(1)(A) ... damages equal to:

    (i) the amount of –

        (I) any ... employment benefits ... denied or lost to such employee by reason of the violation;

        (II) *****

    (ii) the interest on the amount described in clause (i) calculated at the prevailing rate; and

    (iii) an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii)....[1]

*****

(3) .... a reasonable attorney's fee .... and other costs of the action to be paid by the defendant."

Family and Medical Leave Act §107(a), codified at 29 U.S.C. ¶2617(a).

4. These elements of damage should be calculated as follows:

a. The "employment benefits lost" under sub-section (a)(1)(A)(i)(I) [29 U.S.C. §2617 (a)(1)(A)(i)(I)] equals $31,621.08 per the jury verdict.

b. The "interest on the amount described in clause (i) calculated at the prevailing rate" under sub-section (a)(1)(A)(ii) [29 U.S.C. §2617

---

[1] The defendant can avoid liquidated damages if it "proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 of this title". Family and Medical Leave Act §107(a)(1)(A)(iii), codified at 29 U.S.C. ¶2617(a)(1)(A)(iii).

(a)(1)(A)(ii)] is $11,105.59, calculated as follows:

i. The "prevailing rate" used in the calculations was the prime rate, as endorsed by the Seventh Circuit. See, Cement Division, Nat'l Gypsum Co. v. City of Milwaukee, 144 F.3d 1111 at 1114-16 (1998) on remand from 515 U.S. 189 (1995) (admiralty).

ii. The prime rate used through April 30, 2008, was the Federal Reserve Board's historical monthly compilation of the prime rate, a copy of which is attached as Exhibit B and which is also available on-line at:

http://www.federalreserve.gov/releases/h15/data/Monthly/H15_PRIME_NA.txt.

The prime rate used for May 1 through May 8, 2008, was the Federal Reserve Board's daily compilation of the prime rate, a copy of which is available on-line at:

http://www.federalreserve.gov/releases/h15/data/Daily/H15_PRIME_NA.txt.

The interest calculation assumed that the prime rate changed on the first day of the month.

iii. The interest calculation was done using TimeValue for Windows, an off-the-shelf computer interest-calculation program, starting on the date of retroactive cancellation of the health-insurance benefits (6/15/03) and compounded monthly through the date that this Motion is being heard (5/8/03). The

result of that calculation, which equals $11,105.59, is attached as Exhibit C. Each sheet of that result represents a contiguous time-period during which the prime rate was stable according to the Federal Reserve historical compilation.

c. Under the Family and Medical Leave Act, liquidated damages are automatic unless the defendant "proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 of this title". 29 U.S.C. §2617 (a)(1)(A)(ii). In the Pre-Trial Order, plaintiff stated her intent to request liquidated damages from the Court after the jury verdict [see, plaintiff's Trial Brief (doc. #154-13) at p. 2], and, based on the trial of this case, there are no grounds for a finding that defendant acted "in good faith" with "reasonable grounds". Therefore, liquidated damages should be entered in the Judgment.

The Family and Medical Leave Act sets the amount of liquidated damages as "the sum of the amount described in clause (i) and the interest described in clause (ii)". 29 U.S.C. §2617 (a)(1)(A)(ii). Here, the sum of the jury verdict and the interest equals $42,726.67. Therefore, the Judgment should include $42,726.67 in liquidated damages.

d. The "reasonable attorney's fee" under sub-section (a)(3) [29 U.S.C. §2617 (a)(3)] should be handled under Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.3.

e. The "other costs of the action" under sub-section (a)(3) [29 U.S.C. §2617 (a)(3)] should be handled under Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.1.

*Wherefore*, plaintiff moves for entry of Judgment in the amount of $85,453.34 (consisting of the jury verdict of $31,621.08, interest of $11,105.59, and liquidated damages of $42,726.67) plus attorneys' fees as determined by Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.3 and costs as determined by 54(d)(1) and Local Rule 54.1.

                                        Kathleen Ryl-Kuchar
                                                    Plaintiff,

By:   s/ David L. Lee
                Her attorney

**Proof of service**: David L. Lee, an attorney, certifies that service of this Motion on defendant's attorneys was accomplished pursuant to ECF on May 7, 2008.

                                             s/ David L. Lee
                                               David L. Lee

David L. Lee
ARDC #1604422
53 W. Jackson Blvd.
Suite 660
Chicago, IL 60604
312-347-4400
d-lee@davidleelaw.com