*In the United States District Court*
*for the Northern District of Illinois*
*Eastern Division*

| | |
|---|---|
| Kathleen Ryl-Kuchar, | **#05 C 3223** |
| Plaintiff, | |
| – v – | Judge Holderman |
| | Magistrate Judge Brown |
| Care Centers, Inc., an Illinois corporation, | **Jury trial demanded** |
| Defendant. | |

**Plaintiff's Reply to Defendant's Response to Motion for Entry of Judgment Including Interest, Liquidated Damages, Attorneys' Fees, and Costs**

Pursuant to the Order of May 8, 2008 (doc. #269), plaintiff Kathleen Ryl-Kuchar replies as follows to defendant's Responses (docs. ##265, 267) to plaintiff's Motion for Entry of Judgment including interest, liquidated damages, attorney's fees, and costs (doc.# 261).

Not much need be said in reply to defendant's response to plaintiff's Motion for Entry of Judgment.

As to the grant of interest, Defendant's ruminations as to the economic theory behind pre-judgment interest [doc. #267 at pp. 2-3] are irrelevant, because Congress has expressly mandated that such interest be awarded. The relevant section of the Family and Medical Leave Act provides that "[a]ny employer who violates section 2615 of this title <u>shall be liable</u> to any eligible employee affected for damages equal to:

(i) the amount of –

    (I)    any … employment benefits … denied or lost to such employee by reason of the violation;

    (II)    *****

> (ii) the interest on the amount described in clause (i) calculated at the prevailing rate.

Family and Medical Leave Act §107(a), codified at 29 U.S.C. ¶2617(a). The statutory language "shall be liable" makes the grant of pre-judgment interest mandatory. Therefore, pursuant to this statutory command, the judgment should carry pre-judgment interest.

As to the calculation of interest, the statute expressly provides for interest "calculated at the prevailing rate". Id. As cited in plaintiff's Motion for Entry of Judgment (doc. #261) at p. 3, in the admiralty case Cement Division, Nat'l Gypsum Co. v. City of Milwaukee, 144 F.3d 1111 at 1114-16 (1998) on remand from 515 U.S. 189 (1995), the Seventh Circuit stated the general rule that when Congress refers to "the prevailing rate" without further specification, it is perfectly permissible to use the prime rate. Even the Iowa District Court cited by defendant recognized that this was the Seventh Circuit's rule. See, Hite v. Vermeer, 361 F.Supp. 2d 935 at 949 (S.D. Iowa 2005). Therefore, the prime rate is the correct rate to use, and the pre-judgment interest in the judgment should be calculated at the prime rate.

Further as to the calculation of interest, the Seventh Circuit recognizes that compounding is appropriate. See, E.E.O.C. v. Gurnee Inn Corp., 914 F.2d 815 at 820 (7th Cir. 1990) (Title VII); Gorenstein Enterprises, Inc. v. Quality Care-USA, Inc., 874 F.2d 431 at 437 (7th Cir. 1989) (Lanham Act). Monthly compounding is reasonable, so the pre-judgment interest in the judgment should be compounded monthly.

Finally, as to the liquidated damages, the statute requires the entry of liquidated damages unless the defendant "proves to the satisfaction of the court that the act or

<u>omission</u> which violated section 2615 of this title was in good faith <u>and</u> that the employer had reasonable grounds for believing that the <u>act or omission</u> was not a violation of section 2615 of this title". 29 U.S.C. §2617 (a)(1)(A)(ii) (emphasis added). The statute thus sets liquidated damages as the default, recognizes that not only "acts" but also "omissions" give rise to liquidated damages as a default rule, and places the burden on defendant to prove <u>both</u> that it acted in good faith <u>and</u> that it had reasonable grounds for believing that its "act or omission" did not violate the FMLA.

Defendant has totally failed to carry this burden, as shown by the evidence of:

- The retroactive cancellation of Ms. Ryl-Kuchar's health insurance.
- The many internal inconsistencies in defendant's defense. <u>See generally</u>, Plaintiff's Response to Defendant's Motion for Judgment as a Matter of Law (doc #270) at pp. 5-9.
- Defendant's owner's "Sense of Urgency!" column in defendant's July/August 2003 employee newsletter that "healthcare costs are skyrocketing" and detailing rising premiums for employee health insurance. JX 6.
- The mean-spiritedness in defendant's neither informing Ms. Ryl-Kuchar that her health insurance had been retroactively cancelled nor refunding to her the premiums deducted from her paycheck to pay for the insurance that was later retroactively cancelled.
- Defendant's virtual confession that it had retaliated against Ms. Ryl-Kuchar for bringing an overtime claim [Tr. 582, lines 3 - 13], because if defendant was the type of employer that would retaliate against

an employee's exercise of FLSA rights, it was the type of employer that would retaliate against an employee's exercise of FMLA rights, too.

Therefore, defendant has totally failed to carry its burden of showing <u>both</u> good faith <u>and</u> that it had reasonable grounds for believing that its act or omission was not a violation of the Family and Medical Leave Act, and liquidated damages should be entered in the judgment.

**<u>Conclusion</u>**

For these reasons and the reasons in plaintiff's Motion for Entry of Judgment including Interest, Liquidated Damages, Attorney's Fees, and Costs (doc.# 261), judgment should be entered in the amount of $85,453.34 (consisting of the jury verdict of $31,621.08, interest of $11,105.59, and liquidated damages of $42,726.67) plus attorneys' fees as determined by Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.3 and costs as determined by 54(d)(1) and Local Rule 54.1.

Kathleen Ryl-Kuchar<br>
Plaintiff,

By:    s/ David L. Lee
Her attorney

**<u>Proof of service</u>**: David L. Lee, an attorney, certifies that service of this Reply on defendant's attorneys was accomplished pursuant to ECF on May 12, 2008.

s/ David L. Lee<br>
David L. Lee

David L. Lee
ARDC #1604422
53 W. Jackson Blvd.
Suite 660
Chicago, IL 60604
312-347-4400
d-lee@davidleelaw.com